UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MAGGIE LOWERY, | ) |
|     *Plaintiff*, | ) |
| | ) |
|     *vs*. | )  1:12-cv-00007-JMS-MJD |
| | ) |
| GREATER CLARK COUNTY SCHOOLS, CORP., | ) |
|     *Defendant*. | ) |

**ORDER**

Presently pending before the Court are two motions filed by Defendant Greater Clark County Schools, Corp. ("Clark County Schools"): (1) a Motion to Dismiss, [dkt. 14]; and (2) a Motion to Treat Defendant's Motion to Dismiss as Fully Submitted and Ripe for Ruling, [dkt. 16].

## I.
### BACKGROUND

Plaintiff Maggie Lowery, *pro se*, filed a Charge of Discrimination ("Charge") with the Indiana Civil Rights Commission in November, 2010. [Dkt. 8-1 at 3.] In the Charge, Ms. Lowery alleges that she began employment with Clark County Schools in August 2009 as a teacher. [*Id*.] She alleges that during her employment, she was "treated differently," was "constantly reminded that [she] had a disability," was "told [she would] have to work for one year before [she] could be insured, which was untrue," was not paid for her "start-up days" when white teachers were, had her classes interrupted by white teachers, was addressed by the principal in a threatening and disrespectful tone, and was not given the opportunity to be hired to work after school in the athletic department when white teachers were. [*Id.*] She stated "I believe I have been discriminated against due to my Race, Black, sex, female, which is a violation of the Title VII Civil Rights Act, of 1964, and the Age Discrimination in Employment Act, and due to my disability

which [is] in violation of the Americans with Disabilities Act, as amended." [*Id.*] Ms. Lowery asserts that she was terminated on June 21, 2010 and replaced by a white male. [*Id.* at 3.]

On or about March 24, 2011, Ms. Lowery received a right to sue letter from the Equal Employment Opportunity Commission ("EEOC"). [Dkts. 8 at 2; 8-1 at 1-2.] The right to sue letter stated that the charge was subject to Title VII of the Civil Rights Act of 1964 ("Title VII"), the Age Discrimination in Employment Act ("ADEA"), and the Americans with Disabilities Act ("ADA"). [Dkt. 8-1 at 2.] It stated "[y]our lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost." [*Id.* at 1 (emphasis in original).]

On June 29, 2011, Ms. Lowery filed the EEOC right to sue letter, [dkt. 2-1], along with a document titled "My Account Of The Events That Took Place While I Was Employed At New Washington Middle/High School" ("Account of Events"), [dkt. 2-2], with this Court. [*See* dkt. 1.] The Court determined to treat those documents as a new civil action, thus beginning the docket in this case. [*Id.*]

Nearly one and one-half years later, on January 4, 2013, Ms. Lowery filed an Employment Discrimination Complaint, which is docketed as an "Amended Complaint" and is the current operative complaint. [Dkt. 8.] She asserts claims pursuant to: (1) Title VII; (2) the ADEA; (3) the ADA; (4) the Rehabilitation Act; and (5) 42 U.S.C. § 1981. [*Id.* at 1-2.]

## II.
### STANDARD OF REVIEW

The Federal Rules of Civil Procedure require that a complaint provide the defendant with "fair notice of what the…claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In reviewing the sufficiency of a complaint, the Court must accept all well-pled facts as true and

draw all permissible inferences in favor of the plaintiff.  *Active Disposal Inc. v. City of Darien*, 635 F.3d 883, 886 (7th Cir. 2011).  A motion to dismiss asks whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (*quoting Twombly*, 550 U.S. at 570).  The Court will not accept legal conclusions or conclusory allegations as sufficient to state a claim for relief. *McCauley v. City of Chi.*, 671 F.3d 611, 617 (7th Cir. 2011) (citing *Iqbal*, 129 S.Ct. at 1951). Factual allegations must plausibly state an entitlement to relief "to a degree that rises 'above the speculative level.'"  *Munson v. Gaetz*, 673 F.3d 630, 633 (7th Cir. 2012).  This plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (*quoting Iqbal*, 129 S.Ct. at 1950).

### III.
#### DISCUSSION

Clark County Schools advances three main arguments in support of its Motion to Dismiss: (1) that Ms. Lowery's Title VII, ADEA, and ADA claims are barred because Ms. Lowery did not file this lawsuit within ninety days of receiving her right to sue letter, [dkt. 15 at 3-4]; (2) that Ms. Lowery's Rehabilitation Act and § 1981 claims fail because they are barred by the statute of limitations, [*id.* at 4-5]; and (3) that, to the extent the longer four-year statute of limitations applies to Ms. Lowery's § 1981 claim, that claim still fails because Ms. Lowery has failed to plead a *prima facie* case, [*id.* at 6-8].

Ms. Lowery did not respond to the Motion to Dismiss.  In the absence of a response by Ms. Lowery, the Court is authorized to summarily rule on Clark County Schools' Motion to Dismiss pursuant to Local Rule 7-1(c)(5) ("The court may summarily rule on a motion if an opposing party does not file a response within the deadline").  However, because the law prefers

merits dispositions, *see Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 631 (7th Cir. 2009), the Court will decide the Motion to Dismiss on its merits.

### A. Ninety-Day Deadline for Title VII, ADEA, and ADA Claims

Upon receipt of a right to sue letter, a plaintiff has ninety days within which to initiate a lawsuit asserting Title VII, ADEA, and ADA claims. 42 U.S.C. § 2000e-5(f)(1); *Threadgill v. Moore U.S.A., Inc.*, 269 F.3d 848, 850 (7th Cir. 2001). Here, Ms. Lowery filed her right to sue letter and her Account of Events on June 29, 2011, and the Court ordered that those documents "be processed by the clerk as a new civil action." [Dkt. 1.] The Court finds that the right to sue letter and Account of Events are Ms. Lowery's initial Complaint for purposes of determining whether her claims are timely.

Nevertheless, the June 29, 2011 filing date for the right to sue letter and the Account of Events is ninety-seven days after Ms. Lowery received the March 24, 2011 right to sue letter. So, the June 29, 2011 Complaint still fell outside the ninety-day deadline.[1] Accordingly, Ms. Lowery's Title VII, ADEA, and ADA claims are barred for failure to assert them within ninety days of receipt of her right to sue letter.

### B. Statute of Limitations for Rehabilitation Act and Certain § 1981 Claims

A motion to dismiss based on the statute of limitations may be granted when "the relevant dates are set forth unambiguously in the complaint." *Brooks v. Ross*, 578 F.3d 574, 579 (7th Cir. 2009). Here, Ms. Lowery alleges that her employment with Clark County Schools began on

---

[1] Even if Ms. Lowery mailed the right to sue letter and the Account of Events to the Court for filing before the ninety-day deadline, her claims are still barred because those documents must have been received within the deadline. *See Raymond v. Ameritech Corp.*, 442 F.3d 600, 605 (7th Cir. 2006) ("the Federal Rules of Civil Procedure do not authorize filing to be accomplished by deposit of papers in the mail").

August 24, 2009 and terminated on June 21, 2010, [dkt. 8-1 at 3], which are relevant dates for determining when her causes of action accrued.

   *1. Rehabilitation Act*

Ms. Lowery's Rehabilitation Act claim is not subject to the ninety-day deadline discussed above relating to her Title VII, ADEA, and ADA claims. 29 U.S.C. § 794a(a)(1). Instead, the statute of limitations for personal injury claims of the state where the federal court sits governs a Rehabilitation Act claim. *Untermyer v. College of Lake County*, 284 Fed. Appx. 328, 330 n.1 (7th Cir. 2008); *Conley v. Vill. of Bedford Park*, 215 F.3d 703, 710 n.5 (7th Cir. 2000). Under Indiana law, a personal injury action must be commenced within two years after the cause of action accrues. Ind. Code § 34-11-2-4. Ms. Lowery alleges that she was hired on August 24, 2009, so her Rehabilitation Act claim accrued at the very earliest on that date – and likely sometime thereafter. *See, e.g., Griffith v. MARTA*, 435 Fed. Appx. 830, 831 (11th Cir. 2011) (limitations period for Rehabilitation Act claim begins to accrue when plaintiff knows or reasonably should know that she has suffered injury and who has inflicted the injury).

The Rehabilitation Act "applies to programs receiving federal financial assistance [and] requires employers to accommodate qualified individuals with a disability and incorporates the standards of the ADA." *King v. City of Madison*, 550 F.3d 598, 600 (7th Cir. 2008). While Ms. Lowery does not specifically mention the Rehabilitation Act in her Account of Events, she does allege that she faced "disability discrimination" based on certain treatment she received because she has diabetes. Specifically, she alleges that she was told she had to work for a year before she could be insured, that the Clark County Schools Human Resources Director discussed her medical condition with other staff, and that the principal constantly reminded her that she had diabetes. [Dkt. 2-2 at 11.] The Court finds that Ms. Lowery's allegations related to disability discrim-

ination – which she first asserted when she filed the right to sue letter and her Account of Events on June 29, 2011, within two years of the start of her employment with Clark County Schools – were enough to preserve her Rehabilitation Act claim and save it from dismissal based on a statute of limitations defense. Accordingly, her Rehabilitation Act claim survives.[2]

   2. *Section 1981*

Clark County Schools argues that to the extent Ms. Lowery's § 1981 claim is based on failure to enter into a contract with her at the end of her first year of employment, that claim would still be subject to a two-year statute of limitations. [Dkt. 15 at 6, n.1.] It concedes, however, that to the extent that claim is based on a hostile work environment, a four-year statute of limitations would apply. [*Id.* at 6.]

Section 1981 only applies to race discrimination, not to discrimination based on age or disability. *See Rush v. McDonald's Corp.*, 966 F.2d 1104, 1119 (7th Cir. 1992) ("some showing of differential treatment on the basis of race is a necessary element of a claim under [§ 1981]"). Accordingly, Ms. Lowery can only state a § 1981 claim in connection with her allegations of race discrimination.

The Court finds that Ms. Lowery's race discrimination allegations are attempts to allege claims for: (1) failing to enter into a new contract with her (alleging that white teachers were given the opportunity to be hired after school to work in the athletic department and she was not, and to the extent she alleges that Clark County Schools failed to hire her for the following school year, [dkt. 2-2 at 9]); and (2) hostile work environment (alleging that she was subject to various types of harassment due to her race, [*id.* at 12]).

---

[2] Clark County Schools did not argue in its Motion to Dismiss that Ms. Lowery's Rehabilitation Act claim is not adequately alleged under Fed. R. Civ. P. 12(b)(6), so the Court will not consider that issue.

A § 1981 claim based on failure to enter into a contract is subject to "the analogous state personal rights statute of limitations," *Dandy v. UPS*, 388 F.3d 263, 270 n.4 (7th Cir. 2004). As discussed above in connection with Ms. Lowery's Rehabilitation Act claim, Ind. Code § 34-11-2-4 provides for a two-year statute of limitations. Because Ms. Lowery alleged race discrimination related to Clark County Schools' failure to hire her to work after school with the athletic department and related to Clark County Schools discharging her and hiring a white teacher in her Account of Events filed on June 29, 2011, which is less than two years after her employment at Clark County Schools began, she has timely preserved her § 1981 claim based on failure to enter into a contract.[3]

To the extent Ms. Lowery's § 1981 claim is based on actions after it hired Ms. Lowery – *i.e.*, a hostile work environment – a four-year statute of limitations would apply. *See Baynham v. Meridian Servs. Corp.*, 2012 U.S. Dist. LEXIS 117916, *24 (S.D. Ind. 2012) ("the four year statute of limitations in 28 U.S.C. § 1658 applies to all § 1981 claims predicated on an employer's post-hire actions…."); *Dandy*, 388 F.3d at 269 (Section 1981 claims based on hostile work environment are subject to four-year statute of limitations). Accordingly, because Ms. Lowery filed her Account of Events, which detailed alleged instances of harassment based on race during her employment, less than four years after she was discharged, and even less than four years after she was initially hired by Clark County Schools, the statute of limitations does not bar a § 1981 claim based on hostile work environment.

---

[3] The earliest Ms. Lowery's § 1981 claim related to failure to enter into a contract could have accrued would have been the date Clark County Schools failed to offer her an opportunity to work after school in the athletic department, which would have been sometime after her first day of employment in August 2009. Additionally, her claim related to failure to hire for a second year would have accrued when she became aware that she was not being re-hired, which was also sometime after her first day of work.

### C. Adequacy of Pleading for § 1981 Hostile Work Environment Claim[4]

Clark County Schools also argues that Ms. Lowery has not adequately alleged a § 1981 claim based on a hostile work environment. [Dkt. 15 at 6-7.] The Court notes at the outset that "[a]llegations of a *pro se* complaint are held 'to less stringent standards than formal pleadings drafted by lawyers…,'" and "are liberally construed." *Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (*quoting Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

While Ms. Lowery included more details in her Account of Events, [dkt. 2-2], than in her Amended Complaint, [dkt. 8], the Court considers her Amended Complaint, [*id.*], to be the operative complaint in this case for purposes of adequacy of allegations. So, while the Court is treating her Account of Events (and right to sue letter) as the original Complaint and looked to those allegations in order to evaluate Clark County Schools' statute of limitations arguments, the allegations in the Amended Complaint are the only relevant ones for purposes of determining whether Ms. Lowery has adequately alleged a § 1981 claim.

Harassment rising to the level to support a hostile work environment claim must be: "(1) based on race; (2) subjectively and objectively hostile; and (3) sufficiently severe or pervasive to interfere with an employee's ability to perform his assigned duties." *Dandy*, 388 F.3d at 271. Courts may consider: "(1) the frequency of the conduct; (2) the severity of the conduct; (3) 'whether it is threatening or humiliating, or a mere offensive utterance'; and (4) whether it unreasonably interferes with the employee's ability to complete his or her assigned duties." *Id.* (*quoting Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 23 (1993)).

---

[4] Clark County Schools did not argue that Ms. Lowery failed to adequately allege a § 1981 claim based on failure to enter into a contract, focusing only on her § 1981 claim based on a hostile work environment. Accordingly, that is the only claim the Court will focus on for adequacy of pleading here.

In connection with race discrimination, Ms. Lowery alleges in her Amended Complaint that:

- "White teachers were paid for their start-up days where [she] was not," [dkt. 8 at 3];

- "White teachers were allowed to interrupt [her] class as often as they wanted without [her] permission," and the principal "sided with the White teachers on the issue," [*id.*];

- The principal "addressed [her] in a threatening tone, and disrespected [her] in front of students and teachers," [*id.*]; and

- "White teachers were given the opportunity to be hired after school to work in the athletic department, where [she] was never allowed the opportunity," [*id.*].

The Court finds that Ms. Lowery's allegations – construing those allegations liberally based on Ms. Lowery's *pro se* status – are sufficient to state a claim for hostile work environment under § 1981 at the motion to dismiss stage. The Court notes, however, that Ms. Lowery will be required to demonstrate success on the merits at either the summary judgment stage or at trial, which is a much higher threshold than needed to survive a motion to dismiss.

## IV.
### CONCLUSION

For the foregoing reasons, Clark County Schools' Motion to Dismiss, [dkt. 14], is **GRANTED IN PART** and **DENIED IN PART**. It is **GRANTED** to the extent that the Court **DISMISSES WITH PREJUDICE** Ms. Lowery's Title VII, ADEA, and ADA claims because they were asserted more than ninety days after Ms. Lowery received her right to sue letter. It is **DENIED** to the extent that Ms. Lowery's Rehabilitation Act claim and her § 1981 claim based on failure to enter into a contract are not time-barred, and to the extent that the Court finds that Ms. Lowery has adequately alleged a § 1981 claim based on hostile work environment. No partial judgment shall issue and the following claims will proceed:

- Rehabilitation Act claim; and

- Section 1981 claims, based on failure to enter into a contract and hostile work environment.

Additionally, Clark County Schools' Motion to Treat Defendant's Motion to Dismiss as Fully Submitted and Ripe for Ruling, [dkt. 16], is **DENIED AS MOOT**.

05/10/2013

*(signature)*
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only:**

Thomas E. Wheeler II
FROST BROWN TODD LLC
twheeler@fbtlaw.com

**Distribution via U.S. Mail:**

MAGGIE LOWERY
P.O. Box 12244
Grand Forks, ND 58208-2244